NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HUNTINGTON LEARNING CENTER, INC., <br><br> Plaintiff, <br><br> v. <br><br> READ IT., N.C., INC., WALLACE EDUCATIONAL HOLDINGS, L.L.C., SARA WALLACE, ASHLEY T. WALLACE, BRENDA WALLACE, and WILLIE T. WALLACE, <br><br> Defendants | **OPINION** <br><br> Civ. No. 2:12-cv-03598 (WHW) |

**Walls, Senior District Judge**

Defendants Read It, N.C., Wallace Educational Holdings, L.L.C, Sara Wallace, Ashley T. Wallace, Brenda Wallace and Willie T. Wallace ("Defendants") move to dismiss for improper venue under Federal Rules of Civil Procedure 12(b)(3), and lack of personal jurisdiction under Rule 12(b)(2). In the alternative Defendants request transfer to the United States District Court for the District of North Carolina under 28 U.S.C. § 1404(a). Defendants' motion to dismiss and request for transfer are denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Huntington Learning Centers, Inc. ("HLC") is a franchisor of academic tutoring centers, with over two hundred privately owned or corporate-run franchisees nationwide. Compl. ¶ 13. HLC is a New Jersey corporation organized and existing under the laws of Delaware. *Id.* ¶ 2. Its principal place of business is in Oradell, New Jersey. *Id.*

1

Defendant Wallace Educational Holdings, L.C.C. ("WEH") is a limited liability company created to enter into a franchise agreement with HLC. *Id*. ¶ 8; Mot. to Dismiss, 3. It is owned by Defendants Ashley, Willie and Sara Wallace and is organized and exists under the laws of North Carolina. Compl. ¶ 8.

On or about August 24, 2006, WEH and HLC executed Huntington Learning Centers' Franchise Agreement ("WEH Franchise Agreement") whereby HLC granted WEH the right to establish and operate a HLC Franchise in Wilmington, North Carolina. *Id*. ¶ 24, Ex. B. Section 24.1.2 of the WEC Franchise Agreement contained a forum selection clause:

> Except as otherwise provided herein, any action, whether or not arising out of or relating to, this Agreement, whenever and wherever incurred, whether vested or contingent, whether in law or in equity, whether directly representatively, derivatively or in any other capacity, brought by you or any Franchisee Member against the Franchisor shall be brought in the judicial district in which the Franchisor has, at the time of commencement of such action, its principle [sic] place of business, as described in Paragraph 1 above. The Franchisor shall have the right to commence an action against you in any court of competent jurisdiction. All such parties hereby waive all objections to personal jurisdiction or venue for the purposes of this Paragraph 24.1.2, and such parties agree that nothing in this Paragraph 24.1.2 shall be deemed to prevent any party to such action from removing the action from state to federal court. You acknowledge and agree that this Agreement is made in New Jersey and is to be performed in part through services rendered to you in New Jersey.

*Id*., Ex. B.

In the same clause, Defendants agreed to "waive all objections to personal jurisdiction or venue." *Id*. Defendants Sara Wallace, Ashley T. Wallace, Brenda Wallace, and Willie T. Wallace each personally guaranteed the obligations arising under the Franchise Agreement. Compl. ¶ 25, Ex. B. Defendants are all citizens of North Carolina. *Id.* ¶¶ 4-8.

On June 28, 2009, Defendants Ashley Wallace, Willie Wallace, and Sara Wallace formed the corporation Read It, N.C., Inc. ("Read It") for the purpose of entering into another franchise

agreement with HLC. *Id*. ¶ 7; Mot. to Dismiss, 5. Organized and existing under the laws of North Carolina, Compl. ¶ 7, on July 22, 2009, Read It entered into a franchise agreement with HLC ("Read It Franchise Agreement") whereby HLC granted Read It the right to establish and operate a HLC Franchise in Wilmington, North Carolina. *Id*., Ex. C. Under Section 27.1.2 of the Read It Franchise Agreement Read It and HLC agreed to an identical provision as the WEC Franchise Agreement forum selection clause. *Id.* Defendants again waived personal jurisdiction and venue challenges. *Id*. Under Exhibit A of the Read It Franchise Agreement, Defendants Sara, Ashley, Brenda, and Willie Wallace again personally guaranteed the obligations arising under the Franchise Agreement. *Id*. Ex. C. This guarantee agreement contained another forum selection provision with substantively the same venue and personal jurisdiction clauses as the WEC and Read It Franchise Agreement forum selection provisions. *Id.* Ex. A, 2-3.

On June 14, 2012, HLC filed a complaint against Defendants instituting an action for trademark infringement and breach of contract in this Court. ECF No. 1. On October 12, 2012, Defendants filed a motion to dismiss alleging lack of personal jurisdiction, improper venue, and requesting a transfer to a Federal District Court in North Carolina. ECF No. 9. HLC opposed on January 22, 2013. ECF No. 19.

## DISCUSSION

### I.  Personal Jurisdiction

"Once the defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992). Absent an evidentiary hearing, the plaintiff need only demonstrate a prima facie case of jurisdiction to defeat a motion to dismiss. *See id.* at 146 n.1 (citing *Marine Midland Bank v. Miller*, 664 F 2d.

899, 904 (2d Cir. 1981)). This court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Carteret*, 954 F. 2d at 146 n.1.

Under Federal Rule of Civil Procedure 12(b)(2) a court may dismiss an action for lack of personal jurisdiction. A court may exercise personal jurisdiction over non-resident defendants as provided by the long-arm jurisdiction statute of the state where the court sits. Fed.R.Civ.P. 4; *O'Conner v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). New Jersey's long arm statute permits jurisdiction over a non-resident defendant to the extent permitted by the Due Process Clause of the Constitution. *Carteret*, at 145.

"[B]ecause the personal jurisdiction requirement is a waivable right . . . a litigant may give express or implied consent to the personal jurisdiction of the court." *Burger King Corp. v. Rudzewicz*, 417 U.S. 462, 472 n.14 (1985) (citing *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). "Where such forum-selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust . . . their enforcement does not offend due process." *Burger King*, 417 U.S. 472 n.14 (internal quotations and citations omitted).

Here, Defendants signed three separate forum selection provisions expressly consenting to the jurisdiction of this Court. Compl. Ex. B-D. Defendants do not challenge the substance of the provisions and acknowledge that through the provisions "they were agreeing to suit in New Jersey . . . and . . . were waiving their rights to object to the court's lack of jurisdiction," even though they claim not to have understood it at the time. Mot. to Dismiss, 7. Defendants instead claim this Court lacks jurisdiction because the forum selection clauses should be invalidated under the New Jersey Franchise Practices Act ("NJFPA") and because the forum selection clauses are invalid. *Id*. 13, 25.

First, Defendants argue the forum selection provisions should be invalidated under the NJFPA, which dictates in some instances forum selection clauses are presumptively invalid. The NJFPA is a "narrowly carved out exception to the general, widely accepted rule that forum selection clauses are presumptively enforceable." *Bonanno v. Quiznos Master, LLC*, No. 06-cv-01415, 2006 WL 3359673, at * 4 (D.N.J. Nov. 17, 2006). Defendants argue that because in *Kubis & Perszyk Associates, Inc. v. Sun Microsystems, Inc.*, 146 N.J. 176 (N.J. 1996), the New Jersey Supreme Court held disparity in the bargaining power of the parties may lead to unconscionable provisions under the NJFPA, the forum selection clauses in this case should not be enforced. Mot. to Dismiss 15-18.

But the NJFPA "applies only . . . to a franchise . . . the performance of which contemplates or requires the franchisee to establish or maintain a place of business within the State of New Jersey." N.J.S.A. 56:10-4. Here, the Franchise Agreements authorize two franchises in Wilmington, North Carolina and they do not contemplate a place of business within New Jersey. Compl. Ex. B-C. The Franchise Agreements are not covered by the NJFPA. And *Kubis* only applies to cases that arise under the NJFPA and does not extend to cases not covered by the act. *See Bonano* at * 4 (D.N.J. Nov. 17, 2006) ("Courts have rejected the argument that *Kubis* modified the New Jersey law of forum outside of the statutory context in which that case arose . . . *Kubis* only applies where, unlike in the instant case, a plaintiff asserts a valid claim under the Franchise Act. The New Jersey Supreme Court did not intend to extend *Kubis*' protection to non-Franchise Act cases.") (internal citations and quotations omitted); *Park Inn Intern. LLC v. Mody Enterprises, Inc.*, 105 F. Supp. 2d 370, 374 (D.N.J. 2000) ("the Court rejects defendants' argument that the policy of the State of New Jersey as announced in *Kubis* . . . requires invalidation of the forum selection clause or that *Kubis* has modified the New Jersey

law of forum selection clauses outside of the [NJFPA]"). As such, Defendants' extensive reliance on *Kubis* is inapposite. Mot. to Dismiss, 15-18.

Second, Defendants argue the forum selection clauses are unjust and unenforceable. "A forum selection clause is presumptively valid and enforceable, unless the party resisting enforcement can 'make a strong showing, either that the forum thus selected is so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court, or that the clause was procured through fraud or overreaching.'" *Int'l Bus. Software Solutions, Inc. v. Sail Labs Tech.*, 440 F. Supp. 2d 357, 362 (D.N.J. 2006) (quoting *Foster v. Chesapeake Ins. Co.*, 933 F. 2d 1207, 1219 (3d Cir. 1991)). Such a clause is "unreasonable" if the party objecting to its enforcement establishes "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983), (overruled on other grounds by *Lauro Lines v. Chasser*, 490 U.S. 495 (1989)); *see also Union Steel America Co. v. M/V Sanko Spruce*, 14 F. Supp. 2d 682, 686 (D.N.J. 1998).

While Defendants do not outline their argument in straightforward fashion, this Court gleans the following: Defendants contend the contract is unconscionable because 1) they lacked bargaining power as evidenced by the fact the contract is an "adhesion contract" and because Plaintiff dictated many of the terms including the choice of law and forum provisions; 2) Defendants are unsophisticated parties who signed the contract without an attorney and were unable to understand the Franchise Agreement because it "was about one hundred pages long, with the forum selection clause buried in one, single provision near the end of the each

Agreement;" and 3) Defendants would be unduly burdened by defending themselves in this forum. Mot. to Dismiss, 13-26.

Defendants' arguments regarding contract adhesion and unfavorable terms based upon their unequal bargaining power all fail. A contract of adhesion "is one which is prepared by the party with excessive bargaining power who presents it to the other party for signature on a take-it-or-leave-it basis." *Alexander v. Anthony Intern., L.P.*, 341 F.3d. 256, 265 (3d. Cir. 2003). However, contrary to Defendants' contentions, a contract of adhesion is "not unconscionable merely because the parties to it are unequal in bargaining position." *Id.* (citing Restatement (Second) of Contracts § 208 cmt. d). As the Supreme court noted in *M/S Breman v. Zapata Off-Shore Company*, "[w]hatever inconvenience . . . suffered by being forced to litigate in the contractual forum as . . . agreed to do was clearly foreseeable at the time of contracting." 407 U.S. 1, 17-18 (1972). Here, the forum selection clause clearly states that the actions brought by Defendants "shall be brought in the judicial district in which the Franchisor has, at the time of commencement of such action, its principle [sic] place of business [New Jersey] . . . . [and] [t]he Franchisor shall have the right to commence an action against you in any court of competent jurisdiction." Compl. Ex. B. Defendants "waive[d] all objections to personal jurisdiction or venue." *Id.* Defendants cannot now claim that the forum selection clause is unenforceable when the clause plainly subjects them to suit in New Jersey. *See Bonanno* at * 4 (D.N.J. Nov. 17, 2006) (enforcing a forum selection clause found in an adhesion contract); *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004) ("a differential in power . . . on a non-negotiated contract will not vitiate a forum selection clause").

And in regard to the inflexible terms, as the Supreme Court noted in *Burger King Corporation v. Rudzewicz*, "to the extent that Burger King's terms were inflexible, [the

franchisee] presumably decided that the advantages of affiliating with a national organization provided sufficient commercial benefits to offset the detriments." 471 U.S. 462, 472 n.14. Here, Defendants allied themselves with a national organization with over 200 locations. Compl. ¶ 13. HLC conducted significant marketing on Defendant's behalf and provided them with trademarked goods, as well as logistical support. *Id.* Defendants sought to benefit from HLC's established business model. Defendants need not have accepted the terms of the agreement and do not allege coercion. The forum selection clauses are not unenforceable simply because the Defendants and HLC may have been in unequal bargaining positions.

Next, Defendants' arguments that they are unsophisticated parties unable to understand or locate the forum selection clause are unavailing. Mot. to Dismiss, 25. Defendant Ashley Wallace holds an undergraduate degree in Finance and an MBA from the University of North Carolina at Wilmington. Murray Aff., Ex. A. Ashley was valedictorian of both programs. *Id.* Defendant Sara Wallace received a Masters degree in Education from the University of Alabama and was enrolled in a Higher Education PhD program at the time she applied to operate a franchise through HLC. Murray Aff. Ex. B. Defendant Willie Wallace owned and operated a real estate business since 1987. Murray Aff. Ex. C. Defendants are adept businessmen capable of reading through a Franchise Agreement and understanding its terms.

What is more, Defendants' contention that they were unaided by an attorney is contrary to the express agreement signed by them. Located directly above their signature line, bolded and in capital letters, Defendants certified:

> **I HAVE READ AND UNDERSTOOD FULLY THIS AGREEMENT AND ALL OF ITS EXHIBITS. I HAVE HAD THIS AGREEMENT REVIEWED BY COUNSEL OF MY OWN CHOOSING. I HAVE CONSULTED WITH AND BEEN ADVISED BY COUNSEL OF MY OWN CHOOSING ABOUT THIS AGREEMENT AND THE TRANSACTION**

> **GOVERNED BY THIS AGREEMENT. I ACCEPT AND AGREE TO BE BOUND BY, AND TO PERFORM ACCORDING TO THIS AGREEMENT AND EACH AND ALL OF ITS TERMS WITHOUT RESERVATION. I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS AGREEMENT AND ALL ITS EXHIBITS AT LEAST 5 BUSINESS DAYS BEFORE I EXECUTED IT.**

Compl. Ex. B.

If Defendants failed to consult with an attorney despite this express provision they cannot now claim to be hindered by the failure to do so.

Finally, any arguments alleging inconvenience are overstated. Travel from North Carolina to New Jersey is not prohibitively far. In order to facilitate the Franchise Agreements Defendant Sara Wallace travelled to New Jersey on at least six occasions. Murray Aff. ¶ 8. If need be, Defendants can now travel to New Jersey to defend themselves in the current action. *See also Jackson Hewitt v. DJSG Utah Tax Service, LLC*, No. 2:10-cv-05108, 2011 WL 601585, at *4 (D.N.J. Feb. 17, 2011) ("The Court is not unmindful of the difficulties that having to defend in New Jersey may pose for out of state Defendants, but those difficulties, left to the Court's imagination since they are largely unspecified by Defendant, are insufficient for the Court to overturn Plaintiff's decision, endorsed by Defendants in the franchise agreements, to sue in New Jersey. . . . Rather than force Plaintiff to litigate all over the country, centralizing the cases here, as the franchise agreements anticipate, conserves judicial resources and promotes efficiency, two legitimate objectives that Courts may well consider.").

The Franchise Agreements are valid and enforceable. This Court has personal jurisdiction over Defendants under their consent in their Franchise Agreements' forum selection clauses.

**II.    Venue**

Under Federal Rule of Civil Procedure 12(b)(3) a Court may dismiss an action on the basis of improper venue. If venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

"Like personal jurisdiction, an objection to venue may be waived." *Actega Kelsta, Inc. v. Musselwhite*, 2009 WL 1794793, at *3 (D.N.J. June 22, 2009) (quoting *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.,* 105 F. Supp. 2d 370, 375 (D.N.J. 2000) (finding defendants waived objection to venue where contract contained valid, enforceable forum selection clause)); *see also NCR Credit Corp. v. Ye Seekers Horizon, Inc.,* 17 F. Supp. 2d 317, 320 (D.N.J. 1998) ("Defendant . . . waived any opposition to improper venue when it agreed to the forum selection clause in the Master Equipment Lease, which governs a substantial portion of each of Plaintiff's four claims.").

Defendants argue that since the forum selection clauses are invalid this case should be dismissed for improper venue. Mot. to Dimiss, 13-24. This Court has already determined that the forum selection clauses at issue are enforceable. Defendants have consented to this venue and have waived any objection. Under the forum selection clauses in the Franchise Agreements, venue is proper in the District of New Jersey.

### III. Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). To transfer an action under Section 1404(a), venue must be proper both in the transferor court and the transferee court. *Osteotech, Inc. v. GenSci Regeneration Scis., Inc.*, 6 F. Supp. 2d 349, 357 (D.N.J.1998). The party seeking to transfer must show that the alternative venue is not

only adequate, but also more convenient than the current one. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). "[T]he decision to transfer must incorporate all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 498 (D.N.J. 1998) (quotation and citations omitted).

A court balances private and public interests when deciding to transfer venue. *Jumara*, 55 F.3d at 879. In ruling on a motion under this provision, the court is free to consider "all relevant factors," and the Third Circuit directs district courts to a list of private and public interest factors that closely mirror those found by the Supreme Court in *Gulf Oil v. Gilbert,* 330 U.S. 501, 504 (1947). *See Jumara*, 55 F. 3d at 879 (considering plaintiff's choice of forum, the defendant's preference, where the claim arose, the convenience of parties and witnesses, and the location of books and records, as well as relative court congestion, any local interest in deciding localized controversies, and public policies of the fora). The public interests that a court considers include enforceability of a judgment, practical considerations that could make the trial easy, expeditious or inexpensive, relative administrative difficulty in the two fora resulting from court congestion, local interest in deciding a local controversy, public policies of the fora, and familiarity of the district court with applicable state law. *Id.* at 879–80.

The Supreme Court held in *Stewart Organization, Inc. v. Ricoh Corp.*, federal law under 28 U.S.C. § 1404(a), not state law, governs a district court's decision whether to give effect to a forum selection clause and transfer an action to another court. 487 U.S. 22, 32 (1988). In *Stewart*, the Court stated § 1404(a) calls upon the district court to weigh a number of case-specific factors when reviewing a motion to transfer. *Id.* at 29. The Court determined "[t]he presence of a forum selection clause . . . will be a significant factor that figures centrally in the

district court's calculus." *Id.* "Thus, while other factors might 'conceivably' militate against a transfer . . . the clear import of the Court's opinion is that the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *In re Ricoh Corp.*, 870 F. 2d 570, 573 (11th Cir. 1989) (after remand from the Supreme Court).

Defendants request transfer because they claim the forum selection clauses are invalid for the same reasons discussed earlier. Mot. to Dismiss, 32-43. As discussed, the forum selection clauses are valid. Next, Defendants argue judicial resources would be saved because the negotiations and breach occurred in North Carolina and the franchise was located in North Carolina. *Id.*, 43-44. But HLC's principal place of business is located in New Jersey and HLC argues its "corporate witnesses and records are located" in New Jersey. Opp., 17. Judicial economy would not necessarily be saved by transferring this case. Finally, Defendants argue they would be unable to defend themselves in New Jersey. Mot. to Dismiss, 42. However, Defendants have failed to demonstrate that litigation to this forum would be an impossible hardship. Defendant Sara Wallace has travelled to New Jersey on at least six occasions to conduct business with HLC. Murray Aff. ¶ 8. In sum, none of Defendants' fairly routine complaints outweigh the presence of a valid forum selection clause. This Court finds no compelling reason to transfer.

## CONCLUSION

Defendants motion to dismiss and request for transfer are DENIED.

May 30, 2012

**s/ William H. Walls**
United States Senior District Judge